1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT HERRERA,

11             Plaintiff,                  No. CIV S-10-1280 GEB DAD P

12        vs.

13   B. WHEELER, et al.,

14             Defendants.              <u>ORDER</u>

15   _____/

16             Plaintiff, a state prisoner proceeding pro se, is seeking relief pursuant to 42 U.S.C.

17   § 1983.  On June 2, 2010, the undersigned issued findings and recommendations, recommending

18   that this action be dismissed as duplicative of plaintiff's action in Case No. Civ. S-10-1181 JFM.

19   Pending before the court are plaintiff's objections to those findings and recommendations.

20                        **PLAINTIFF'S OBJECTIONS**

21             In his objections, plaintiff concedes that his complaint in this action contains the

22   same claims as his complaint filed in Case No. Civ. S-10-1181 JFM.  (Obj. at 2.)  However,

23   plaintiff explains that in this case he has filed complete documents, whereas in his other case he

24   /////

25   /////

26   /////

1

1  has not. (Id. at 1-2.)[1]  Accordingly, plaintiff requests that he be allowed to proceed with this

2  action, while voluntarily dismissing the earlier filed action.  (Id. at 2.)

3          In the interest of justice, the undersigned will honor plaintiff's request.[2]  The court

4  will vacate its June 2, 2010 findings and recommendations, and plaintiff is advised that if he

5  wishes to proceed in the manner he has suggested he must file a request for voluntary dismissal

6  pursuant to Federal Rule of Civil Procedure 41(a) in Case No. Civ. S-10-1181 JFM.  Below, the

7  court will evaluate plaintiff's in forma pauperis application and motion for the appointment of

8  counsel.

9                  **PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

10         Plaintiff's application to proceed in forma pauperis is incomplete.  In particular,

11  the certificate portion of plaintiff's request, which must be completed by his institution of

12  incarceration, is absent.  In addition, plaintiff has not filed a certified copy of his prison trust

13  account statement for the six month period immediately preceding the filing of the complaint.

14  See 28 U.S.C. § 1915(a)(2).  Nevertheless, plaintiff will be provided with another opportunity to

15  submit a complete in forma pauperis application.

16            **PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

17         The United States Supreme Court has ruled that district courts lack authority to

18  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

19  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, however, the district

20  court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell

21  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

22  (9th Cir. 1990).

23  ─────────────────

24  [1] Plaintiff apparently is referring to the approximately ninety pages of documents
    attached to his complaint in this action made up of CDCR incident reports, rukles violation
    reports, prison administrative appeals and the responses thereto.

25
26  [2] The court notes that plaintiff's complaint has yet to be screened in his earlier filed
    action, Case No. Civ. S-10-1181 JFM.

1      The test for exceptional circumstances requires the court to evaluate the plaintiff's

2  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

3  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

4  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances that

5  are common to most prisoners, such as lack of legal education and limited law library access, do

6  not establish exceptional circumstances that would warrant a request for voluntary assistance of

7  counsel.  In the present case, the court does not find the required exceptional circumstances and

8  therefore will deny plaintiff's request for the appointment of counsel.

9                                          **CONCLUSION**

10      In accordance with the above, IT IS HEREBY ORDERED that:

11      1.  The court's June 2, 2010 findings and recommendations (Doc. No. 5) are

12  vacated;

13      2.  Plaintiff's May 25, 2010 motion to proceed in forma pauperis (Doc. No. 2) is

14  denied;

15      3.  Plaintiff shall submit, within thirty days from the date of this order a properly

16  completed in forma pauperis application that includes a certified copy of plaintiff's prison trust

17  account statement for the six-month period immediately preceding the filing of the complaint in

18  this action and a prison official's certification; plaintiff is cautioned that failure to comply with

19  this order or seek an extension of time to do so will result in a recommendation that this action be

20  dismissed without prejudice;

21      4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed

22  In Forma Pauperis By a Prisoner for use in a civil rights action; and

23  /////

24  /////

25  /////

26  /////

1        5.  Plaintiff's May 25, 2010 motion for the appointment of counsel (Doc. No. 4) is

2   denied.

3   DATED: July 29, 2010.

4

5

6                                                DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE
7   DAD:sj
    herr1280.vac+3e+31
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                             4