1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERTO HERRERA,

11             Plaintiff,              No. 2:10-cv-1280 GEB DAD P

12        vs.

13   B. WHEELER et al.,

14             Defendants.             ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.  Pending before the court are several of plaintiff's motions.

18             By way of background, on July 20, 2012, the court screened plaintiff's amended

19   complaint and found that it appeared to state a cognizable claim for relief for inadequate medical

20   care against defendant Burgett.  The court ordered service of plaintiff's amended complaint on

21   defendant Burgett and instructed plaintiff to return the documents necessary for service within

22   thirty days.  Plaintiff has submitted the documents necessary for service, but he has also filed

23   several motions with the court.

24             First, plaintiff has filed two motions for preliminary injunctive relief.  In those

25   motions, plaintiff seeks a court order requiring California Department of Corrections and

26   Rehabilitation staff to provide him adequate medical care and specifically with Tramadol, a

1

1   medication he maintains is necessary to treat his medical condition.  The court will deny

2   plaintiff's motions for the following reasons.  First, plaintiff's motions are defective because they

3   do not comply with the Local Rules of this Court.  The court will not entertain any future

4   motions for injunctive relief from plaintiff that is not supported by (1) a declaration under penalty

5   of perjury on the question of irreparable injury, (2) a memorandum of points and authorities

6   addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who

7   would be affected by the order sought.  See Local Rule 231.  In addition, plaintiff is advised that

8   he may only seek injunctive relief against individuals who are named as defendants in this action.

9   In plaintiff's pending motions for injunctive relief, he seeks an order against "CDCR HC Staff."

10   This court is unable to issue an order against individuals who are not parties to a suit pending

11   before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda

12   v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may

13   issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction

14   over the claim; it may not attempt to determine the rights of persons not before the court.").

15   Finally, plaintiff is advised that "[t]he proper legal standard for preliminary injunctive relief

16   requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to

17   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

18   favor, and that an injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978

19   (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  In

20   plaintiff's motions, he summarily alleges that CDCR HC Staff is not providing him with

21   adequate medical care and that he requires a specific medication.  However, such vague and

22   conclusory allegations are not sufficient to state a claim for deliberate indifference let alone

23   demonstrate likely success on the merits of such a claim.  Ivey v. Board of Regents, 673 F.2d

24   266, 268 (9th Cir. 1982).  Accordingly, plaintiff's motions for preliminary injunctive relief will

25   be denied.

26   /////

1    Plaintiff has also filed a motion to add one defendant Medina to this action.

2  Plaintiff alleges that defendant Medina took plaintiff off of Tramadol after plaintiff told him that

3  the taste of it was causing him to gag.  Plaintiff is advised that the court will not allow him to

4  simply add parties and allegations to his amended complaint in this piecemeal fashion.  Plaintiff

5  has previously amended his complaint once as a matter of right.  If plaintiff wishes to further

6  amend his complaint by adding parties or allegations, he will need to file a motion for leave to

7  file a second amended complaint together with a proposed second amended complaint.  See Fed.

8  R. Civ. P. 15(a).  However, if plaintiff elects to file a motion to amend together with a proposed

9  second amended complaint he is strongly cautioned that in any second amended complaint, as in

10  an original complaint, each claim and the involvement of each defendant must be sufficiently

11  alleged.  The court cannot refer to a prior pleading in order to make plaintiff's second amended

12  complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself

13  without reference to any prior pleading.  This is because, as a general rule, an amended complaint

14  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

15  Accordingly, plaintiff's motion to add defendant Medina to this case at this time is denied.

16    Finally, plaintiff has filed a motion for appointment of counsel.  The United States

17  Supreme Court has ruled that district courts lack authority to require counsel to represent

18  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

19  (1989).  In certain exceptional circumstances, the district court may request the voluntary

20  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

21  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22    The test for exceptional circumstances requires the court to evaluate the plaintiff's

23  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

24  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

25  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

26  common to most prisoners, such as lack of legal education and limited law library access, do not

1   establish exceptional circumstances that would warrant a request for voluntary assistance of

2   counsel.  In the present case, the court does not find the required exceptional circumstances.

3                  Accordingly, IT IS HEREBY ORDERED that:

4                  1.  Plaintiff's motions for preliminary injunctive relief (Doc. Nos. 20 & 25) are

5   denied without prejudice;

6                  2.  Plaintiff's motion to add defendant Medina to this cause of action (Doc. No.

7   21) is denied without prejudice; and

8                  3.  Plaintiff's motion for appointment of counsel (Doc. No. 22) is denied.

9   DATED: August 23, 2012.

10

11   _____

12   DAD:9                DALE A. DROZD
     herr1280.mots        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26