IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

        Plaintiff,                      No. 2:10-cv-1280 GEB DAD P

    vs.

B. WHEELER et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are several of plaintiff's motions.

        By way of background, on July 20, 2012, the court screened plaintiff's amended complaint and found that it appeared to state a cognizable claim for relief for inadequate medical care against defendant Burgett. The court ordered service of plaintiff's amended complaint on defendant Burgett and instructed plaintiff to return the documents necessary for service within thirty days. Plaintiff has submitted the documents necessary for service, but he has also filed several motions with the court.

        First, plaintiff has filed two motions for preliminary injunctive relief. In those motions, plaintiff seeks a court order requiring California Department of Corrections and Rehabilitation staff to provide him adequate medical care and specifically with Tramadol, a

medication he maintains is necessary to treat his medical condition.  The court will deny plaintiff's motions for the following reasons.  First, plaintiff's motions are defective because they do not comply with the Local Rules of this Court.  The court will not entertain any future motions for injunctive relief from plaintiff that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought.  See Local Rule 231.  In addition, plaintiff is advised that he may only seek injunctive relief against individuals who are named as defendants in this action.  In plaintiff's pending motions for injunctive relief, he seeks an order against "CDCR HC Staff."  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Finally, plaintiff is advised that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  In plaintiff's motions, he summarily alleges that CDCR HC Staff is not providing him with adequate medical care and that he requires a specific medication.  However, such vague and conclusory allegations are not sufficient to state a claim for deliberate indifference let alone demonstrate likely success on the merits of such a claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, plaintiff's motions for preliminary injunctive relief will be denied.

/////

        Plaintiff has also filed a motion to add one defendant Medina to this action. Plaintiff alleges that defendant Medina took plaintiff off of Tramadol after plaintiff told him that the taste of it was causing him to gag. Plaintiff is advised that the court will not allow him to simply add parties and allegations to his amended complaint in this piecemeal fashion. Plaintiff has previously amended his complaint once as a matter of right. If plaintiff wishes to further amend his complaint by adding parties or allegations, he will need to file a motion for leave to file a second amended complaint together with a proposed second amended complaint. See Fed. R. Civ. P. 15(a). However, if plaintiff elects to file a motion to amend together with a proposed second amended complaint he is strongly cautioned that in any second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, plaintiff's motion to add defendant Medina to this case at this time is denied.

        Finally, plaintiff has filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for preliminary injunctive relief (Doc. Nos. 20 & 25) are denied without prejudice;

2. Plaintiff's motion to add defendant Medina to this cause of action (Doc. No. 21) is denied without prejudice; and

3. Plaintiff's motion for appointment of counsel (Doc. No. 22) is denied.

DATED: August 23, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1280.mots