IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

        Plaintiff,                    No. 2:10-cv-1280 GEB DAD P

    vs.

B. WHEELER, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a complaint filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for temporary injunctive relief.

        Previously, the court found that plaintiff's amended complaint appeared to state a cognizable claim for inadequate medical care against defendant Burgett.  Thereafter, the court ordered service of plaintiff's amended complaint on defendant Burgett and instructed plaintiff to return the requisite documents necessary for service which plaintiff has done.

        On August 24, 2012, plaintiff filed a motion for temporary emergency injunctive relief.  (See Doc. No. 31.)  Plaintiff's motion states that the "medical problem he suffers of has worsen[ed] and it will keep getting worse for the rest of his life which is why plaintiff is requesting the court to please grant his motion ordering the CDCR HC staff to stop violating" his

/////

1

rights to adequate medical care "and to provide plaintiff with adequate medical care for his medical problem (pain)." (Doc. No. 31.)

        The court will deny plaintiff's motion for temporary emergency injunctive relief. First, the motion is defective because it does not comply with the Local Rules of this Court. The court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231. In addition, plaintiff is again advised that he may only seek injunctive relief against individuals who are named as defendants in this action. In plaintiff's pending motion for temporary emergency injunctive relief, he again seeks an order against "CDCR HC staff." The court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. V. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Finally, plaintiff is again advised that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). In plaintiff's motion, he summarily alleges that CDCR HC staff is not providing him with adequate medical care. However, this vague and conclusory allegation is not sufficient to state a claim for deliberate indifference let alone demonstrate likely success on the merits of such a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). For these reasons, plaintiff's motion for temporary emergency injunctive relief will be denied.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for temporary
2  emergency injunctive relief (Doc. No. 31.) is denied without prejudice.
3  DATED: September 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
DAD1/prisoner-civil rights/herr1280.tempinj